IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY ROGER BAISDEN, II,<br>AIS #298382,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER ASSIGNED TO<br>DORM B,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION NO. 2:19-CV-1080-WHA<br>)<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Larry Roger Baisden, II, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on December 27, 2019. Doc. 1. After reviewing the complaint, the court deemed it necessary that Baisden "file an amendment to his complaint in which he provides the true name of the correctional officer he has listed as the defendant." Doc. 12. To aid Baisden in doing so, General Counsel for the Alabama Department of Corrections, pursuant to an order issued by the court, provided Baisden relevant documents containing the identity of this officer. Doc. 11 at 1. In directing Baisden to file an amendment, the court cautioned him that a failure to do so would result in "a Recommendation that this case be dismissed for such failure." Doc 12.

Baisden failed to file an amendment to his complaint in compliance with the aforementioned order. The court therefore entered an order requiring that on or before April 24, 2020 Baisden "(i) show cause why he has failed to file an amendment to his complaint providing the court with the true name of the correctional officer he lists as the defendant in compliance with the directives of the March 9, 2020 order, Doc. 12, and (ii) file with the court the true name of the defendant . . . [because] this case cannot properly proceed before the court if the name of the defendant is not provided to the court." Doc. 13. The order further advised Baisden "that the court

will not enter any further order allowing him an opportunity to file the requisite amendment and, therefore, if he fails to file a response to this order the Magistrate Judge will enter a Recommendation that this case be dismissed for such failure." Doc. 13. The docket indicates that Baisden received a copy of each order requiring that he file an amendment to the complaint.

As of the present date, Baisden has failed to file an amendment to the complaint as ordered by this court. In light of his failure to file the necessary amendment, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing such action and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to file an amendment to the complaint as ordered by this court.

On or before **May 28, 2020**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation

to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of May, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge